UNITED RUBBER, CORK, LINOLEUM AND PLASTIC WORKERS OF AMERICA, AFL-CIO, an unincorporated association, and United Rubber, Cork, Linoleum and Plastic Workers of America, AFL-CIO, Local 102, an unincorporated association, Plaintiffs-Appellants,

v.

LEE NATIONAL CORPORATION, Defendant-Appellee.

No. 622, Docket 74–1290.

United States Court of Appeals, Second Circuit.

Argued March 26, 1975.

Decided April 11, 1975.

to the senior party. Such a course would be contrary to the set order of taking testimony.

William Auerbach, New York City (Auerbach & Labes, Stanley W. Taylor, New York City, of counsel), for plaintiffs-appellants.

Peyton H. Moss, New York City (Poletti, Freidin, Prashker, Feldman & Gartner, Roger H. Briton, New York City, of counsel), for defendant-appellee.

Before MULLIGAN and TIMBERS, Circuit Judges, and THOMSEN, District Judge.*

PER CURIAM:

This is an appeal from a final judgment entered by the United States District Court for the Southern District of New York, Hon. Whitman Knapp, D. J., on November 7, 1973, dismissing the plaintiffs' second cause of action at the close of their case upon defendant's motion under Fed.R.Civ.P. 41(b). The named plaintiffs (Unions) instituted this action against Lee National Corporation (Company) on the theory that the Company had forced the Unions to strike on July 16, 1963, thus effectively closing its plant and breaking its contractual commitments to make payments to union members pursuant to an existing welfare agreement.

The issue on appeal is whether the findings of fact of the court below are "clearly erroneous" within Fed.R.Civ.P. 52(a). We do not think that the findings are clearly erroneous and therefore affirm the judgment. As the Supreme Court observed in United States v. National Association of Real Estate Boards, 339 U.S. 485, 495–96, 70 S.Ct. 711, 717, 94 L.Ed. 1007 (1950):

It is not enough that we might give the facts another construction, resolve the ambiguities differently, and find a more sinister cast to actions which the District Court apparently deemed innocent. See United States v. Yellow Cab Co., 338 U.S. 338, 342 [70 S.Ct. 177, 94 L.Ed. 150]; United States v. United States Gypsum Co., 333 U.S. 364, 394–395 [68 S.Ct. 525, 92 L.Ed. 746]. We are not given those choices, because our mandate is not to set aside findings of fact "unless clearly erroneous."

The Unions' claim that the court below was unduly influenced by an opinion of Judge Mansfield (then sitting in the Southern District) granting the Company's motion for partial summary judgment is frivolous. Judge Knapp's references to that opinion were entirely relevant, and the claim that this displayed bias and prevented a trying of the case de novo is totally unfounded. The contention that the court below tried the case on a fraud rather than a breach of contract theory, thus imposing an undue burden of proof on the Unions, is not supported by the record. The language utilized by Judge Mansfield in his prior opinion in this case, which the Unions claim improperly influenced Judge Knapp to apply a fraud theory to the facts, was actually a paraphrase of a portion of a memorandum of law submitted by the Unions to Judge Mansfield.

Affirmed.

* Of the United States District Court, District of Maryland, sitting by designation.